(120 So. 300)
**MYRICK v. WOMACK.   (7 Div. 492.)**

Court of Appeals of Alabama.   Feb. 5, 1929.

O. B. Roper, of Gadsden, for appellant.

Victor Vance, of Gadsden, for appellee.

this case. Proceedings to revive a judgment which has been assigned must be brought in the name of the original plaintiff, not of the assignee, except where the statute authorizes such actions to be maintained in the name of the real party in interest. 23 Cyc. p. 1441.

We therefore conclude that the trial court was correct in finding the issue in favor of the defendant, and the judgment appealed from is affirmed.

Affirmed.

---

BRICKEN, P. J. Myrick Lumber Company, a corporation, recovered a judgment against R. J. Womack in the circuit court of Etowah county on January 5, 1917, for $124.58 and costs. On the 17th day of January, 1920, a meeting of the stockholders and directors of the Myrick company was held, and, among other things, two motions were adopted: (1) To dissolve the corporation; (2) that G. H. Myrick collect the assets and pay all the indebtedness of the Myrick Lumber Company.

The corporation was regularly dissolved. Mr. Myrick's testimony, and there is nothing in the record to contradict it, is to the effect that all of the assets of the Myrick Lumber Company were transferred to him individually, and then he was to pay all of its liabilities. These assets included accounts, notes, and what lumber there was in stock. He further testified that his title to this judgment is derived from the minutes of the corporation dated January 17, 1920, above referred to. These minutes recite that the building and land of the Myrick Lumber Company had been sold by the sheriff at the execution of G. H. Myrick, and contained a statement of the company's affairs, together with a reference to the two motions above referred to.

Mr. Myrick instituted a proceeding in the court below to revive the judgment in his name as owner thereof. This proceeding is referred to in the brief of his counsel in this court as an action of debt to recover upon and revive a debt due at one time to the Myrick Lumber Company, Inc., which was on the 5th day of January, 1917, reduced to a judgment.

Our statute, Code 1923, § 7866 et seq., provides for the revival, by the assignee, of a judgment in his own name in cases where the transfer of the judgment or decree of court is made or indorsed on the execution docket or on the margin of the record of the judgment or decree in the court where the judgment was rendered, or in the office of the probate judge where a certificate of the judgment is recorded. The requirements of the statute in this regard were not observed in